# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GLENFORD BUDD, | Case No. 2:16-cv-00613-RFB-PAL |
| Petitioner, | **ORDER** |
| v. | |
| RENEE BAKER, et al., | |
| Respondents. | |

Petitioner has filed an amended petition for writ of habeas corpus (ECF No. 23). The court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss one ground and direct respondents to file a response to the remaining grounds.

In ground XII, petitioner claims that trial counsel provided ineffective assistance by not objecting to the jury instruction that defined reasonable doubt. ECF No. 23, at 74-76. A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. The reasonable-doubt instruction that petitioner quotes is constitutional. Ramirez v. Hatcher, 136 F.3d 1209, 1211-15 (9th Cir. 1998).

The court of appeals also has held that the issue is not worthy of a certificate of appealability. Nevius v. McDaniel, 218 F.3d 940, 944-45 (9th Cir. 2000). The lack of an objection was not deficient performance, and petitioner did not suffer prejudice. Ground XII is without merit on its face, and the court dismisses it.

IT THEREFORE IS ORDERED that ground XII of the amended petition is **DISMISSED**.

IT IS FURTHER ORDERED that respondents will have forty-five (45) days from the date of entry of this order to answer or otherwise respond to the amended petition (ECF No. 23). Respondents must raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. Successive motions to dismiss will not be entertained.

IT IS FURTHER ORDERED that if respondents file and serve an answer, then they must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner will have forty-five (45) days from the date on which the answer is served to file a reply.

IT IS FURTHER ORDERED that if respondents file and serve a motion, then petitioner will have twenty-eight (28) days from the date of service of the motion to file a response to the motion. Respondents then will have fourteen (14) days from the date of service of the response to file a reply.

DATED: October 9, 2018.

_____
RICHARD F. BOULWARE, II
United States District Judge