UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GLENFORD BUDD,<br>　　　　Petitioner,<br>　　v.<br>RENEE BAKER, et al.,<br>　　　　Respondents. | Case No. 2:16-cv-00613-RFB-PAL<br><br>**ORDER** |

**I.     Introduction**

This is a habeas corpus action under 28 U.S.C. § 2254.  Currently before the court are the second amended petition of Glenford Budd (ECF No. 50), respondents' motion to dismiss (ECF No. 54), Budd's opposition (ECF No. 63), and respondents' non-opposition to motion for stay and abeyance (ECF No. 64).  The court finds that all grounds challenged as untimely relate back to the initial petition (ECF No. 5).  The court also finds that Budd has not exhausted his state-court remedies for grounds 5 through 12, 14, and 15 of the second amended petition.  Based upon Budd's request for a stay and respondents' non-opposition to the request, the court will stay this action while Budd exhausts his state-court remedies.

**II.    Procedural History**

After a jury trial in state district court, Budd was convicted of three counts of first-degree murder with the use of a deadly weapon.  Ex. 25 (ECF No. 27-5).  For each count of murder, the jury set a sentence of life imprisonment without the possibility of parole.  Ex. 24 (ECF No. 27-4).  Also for each count of murder, under the version of Nev. Rev. Stat. § 193.165 in effect at the time, Budd received a consecutive sentence of life imprisonment without the possibility of parole for the use of a deadly weapon.  The state district court ran the sentences for each count consecutively.

Ex. 25 (ECF No. 27-5). In effect, Budd has six consecutive sentences of life imprisonment without the possibility of parole.

Budd appealed. Ex. 26 (ECF No. 27-6). On January 9, 2007, the Nevada Supreme Court affirmed. Ex. 28 (ECF No. 27-8).

On September 21, 2007, Budd filed a proper-person post-conviction habeas corpus petition, with a supporting brief, in the state district court. Ex. 32, 33 (ECF No. 28-2, 28-3). The state district court denied the petition without appointing counsel. Ex. 34 (ECF No. 28-4). Budd appealed. Ex. 36 (ECF No. 28-6). The Nevada Supreme Court ruled that the state district court should have appointed counsel, and it reversed and remanded to the state district court. Ex. 37 (ECF No. 28-7).

Budd then filed four counseled supplemental post-conviction habeas corpus petitions. Ex. 39, 40, 42, 43 (ECF No. 28-9, 28-10, 29-2, 29-3). Only the first supplemental petition contained claims; the three other supplemental petitions contained notes or exhibits but no additional claims. The state district court held an evidentiary hearing. Ex. 44 (ECF No. 29-4). The state district court then denied the petition. Ex. 45 (ECF No. 29-5). Budd appealed. Ex. 46 (ECF No. 29-6). The Nevada Supreme Court affirmed on December 10, 2015. Ex. 48 (ECF No. 29-8).

### III.     Standards of Review

#### A.     Timeliness

An amended habeas corpus petition "does not relate back (and thereby escape [28 U.S.C. § 2244(d)(1)'s] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005). Relation back is allowed "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts . . . ." Id. at 664.

#### B.     Exhaustion

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the

ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

**IV. Discussion**

  **A. Timeliness**

Budd filed his initial petition (ECF No. 5) within the one-year limit of 28 U.S.C. § 2244(d)(1). He filed his first amended petition (ECF No. 23) and his second amended petition (ECF No. 50) after the one-year limit expired. Grounds in the second amended petition thus must relate back to the initial petition.

  **1. Grounds 2(A) and 2(B) relate back**

Ground 2(A) is a claim that trial counsel failed to file a motion in limine to exclude incriminating song lyrics that the prosecution alleged that Budd wrote; alternatively, Budd claims that trial counsel should have hired an expert in graphology to challenge the testimony of a witness that the lyrics were in Budd's handwriting. Budd raised a similar claim in ground 5(B) of the initial petition. ECF No. 5 at 21-23. Ground 2(B) is a claim that trial counsel failed to examine his case for evidence of a defense to the element of premeditation. Budd raised a similar claim in ground 12 of his initial petition. ECF No. 5-1 at 49.

For both grounds, respondents argue that Budd has added allegations of trial counsel's evidentiary hearing testimony, which in turn mean that the amended grounds do not share common cores of operative facts with the initial grounds. The court disagrees. The common cores of operative facts in these grounds are trial counsel's actions, or failures to act before trial. Moreover, this court's review of the merits of these grounds includes reviewing trial counsel's testimony at the evidentiary hearing, whether or not Budd quoted that testimony in the second amended petition. The allegations of trial counsel's testimony at the evidentiary hearing do not alter these grounds. Grounds 2(A) and 2(B) relate back.

  **2. Ground 2(C) relates back**

Ground 2(C) is a claim that trial counsel entirely failed to subject the prosecution's case to meaningful adversarial testing, under United States v. Cronic, 466 U.S. 648, 659 (1984). Budd alleges 11 specific instances in support of the claim:

3

1. Trial counsel complained to the court at the beginning of the trial about his frustrations regarding Budd's family, and he informed the court that his relationship with Budd with nonexistent. However, counsel stated that the lack of a relationship would not make any difference in the outcome of the proceedings.

2. Trial counsel made the argument for the prosecution that Winston Budd was unavailable, tacitly granting the oral motion to use Budd's preliminary hearing transcript instead of live testimony.

3. Trial counsel failed to object to a hearsay statement where a witness testified that a boy who had been on the stairs ran up to her and said, "Somebody needs help up there. They're hurt."

4. Trial counsel failed to object to testimony regarding a blood stain to which witness Renhard had no personal knowledge.

5. Trial counsel failed to object to the prosecution leading Greg Lewis in his testimony. Trial counsel then told the jury that Lewis and Budd were in jail together, thus acknowledging to the jury that Budd was incarcerated.

6. Trial counsel declined to be heard upon learning that the prosecution provided financial assistance to Celeste Palau.

7. Trial counsel admitted at the evidentiary hearing that he made a mistake by failing to object to the prosecution reading the rap song into the record in the trial phase's closing arguments.

8. Trial counsel failed to fully investigate a viable defense to premeditation.

9. Trial counsel failed to fully investigate the foundation for the rap song letter, examine Mr. Lewis' layperson authentication, or call a graphologist upon knowing that the letter had been written in a stylistic handwriting likely not matching Budd's handwriting.

10. Trial counsel informed the jury in opening arguments that Budd had committed the crimes, even though Budd never authorized this strategy and has always maintained his innocence.

11. Trial counsel called no witnesses in the guilt phase of the proceedings.

Respondents note that instances 1 and 2 relate back to the initial petition. ECF No. 54 at 10-11. To that, the court can add instances 8, 9, and 10, because they are the same facts as in grounds 2(B), 2(A) and 2(D), respectively, and grounds 2(A), 2(B), and ground 2(D) relate back to the initial petition.[1] Respondents also note that instance 10 involves the opening statement, while the closest allegation in the initial petition involves an alleged concession of guilt in the closing argument. Id.

---

[1] The court discusses ground 2(D) in the following section of this order.

at 11. Budd counters that the additional facts are merely highlights to the same claim that he raised in his initial petition or in "lower courts." ECF No. 63 at 9.

Respondents' argument is based upon a misunderstanding of a Cronic claim. The Ninth Circuit has explained the difference between a typical claim of ineffective assistance of counsel and a claim that Cronic governs:

> Under the Cronic test, it is the totality of his efforts that we must examine, not just part of them in isolation. "[S]pecified errors made by counsel . . . should be evaluated under the standards enunciated in Strickland." Cronic, 466 U.S. at 666 n. 41.

Gerlaugh v. Stewart, 129 F.3d 1027, 1036 (9th Cir. 1997). If ground 2(C) were a collection of Strickland claims based upon specified errors of counsel, then respondents would have a point. However, if ground 2(C) were a Strickland claim, then much of it would be redundant to other claims in the counseled second amended petition. Because counsel represents Budd and has argued in ground 2(C) the exception to the typical analysis for ineffective assistance of counsel, the court assumes that ground 2(C) is indeed a Cronic claim and not that Budd is being redundant.

The question then is whether the initial petition alleges either a claim or facts to which ground 2(C) relates back. A claim in an untimely amended petition can relate back to a claim in a previous, timely petition so long as they share a common core of operative fact, even if the claim in the previous, timely petition alleges no facts. Dean v. United States, 278 F.3d 1218, 1222 (11th Cir. 2002), cited with approval in Ross v. Williams, 950 F.3d 1160, 1170 (9th Cir. 2020) (en banc), cert. denied sub nom. Daniels v. Ross, ___ U.S. ___, 2020 WL 6551908 (Nov. 9, 2020). Also if a claim in an untimely amended petition shares a common core of operative fact with a claim in a previous, timely petition, then the claim relates back even if it alleges a different legal theory. Ha Van Nguyen v. Curry, 736 F.3d 1287, 1296-97 (9th Cir. 2013). Furthermore, the attachments to the petition are part of the petition itself. Ross, 950 F.3d at 1167-73.

The question thus becomes easily answered. Budd attached to his initial petition the respondents' answering brief in the appeal from the denial of his state post-conviction habeas corpus petition. ECF No. 5-1 at 1. That is part of the petition. Ross, 950 F.3d at 1167-73. Respondents answered a claim that trial counsel "'entirely failed to subject the State's case to the adversarial process.'" ECF No. 5-1 at 29. Respondents referred to some instances of trial counsel's actions.

1  Although they did not mention all the instances that Budd mentions now in ground 2(C), both
2  respondents' brief and ground 2(C) share a common core of operative fact:  The totality of trial
3  counsel's representation of Budd.  See Ha Van Nguyen, 736 F.3d at 1296-97; see also Dean, 278
4  F.3d at 1222.  Ground 2(C) thus relates back to respondents' brief.

### 3. Grounds 2(D) relates back

Ground 2(D) is a claim that trial counsel conceded Budd's guilt during the defense's opening statement and closing argument.  Respondents argue that ground 4 of the initial petition is a claim that trial counsel conceded Budd's guilt during closing argument, but that nowhere in the initial petition does Budd allege that trial counsel conceded his guilt in the opening statement.

Respondents are incorrect.  Again, respondents themselves provided the relation back of the claim.  Their answering brief noted that trial counsel made the statement that Budd challenges as a concessions of guilt in the opening statement.  ECF No. 5-1 at 31-34.  Ground 2(D) relates back to respondents' brief.  See Ross, 950 F.3d at 1167-73.

### 4. Ground 14 relates back

As noted above, for each count of first-degree murder with the use of a deadly weapon, Budd received a consecutive sentence of life imprisonment without the possibility of parole for the use of a deadly weapon, under the version of Nev. Rev. Stat. § 193.165 in effect at the time of the offenses.  Ground 14 is a claim that those enhancement sentences violate the Eighth Amendment.  Respondents argue that ground 14 does not relate back.

The court disagrees.  The operative fact of ground 14 is that Budd received an equal and consecutive enhancement sentence for using a deadly weapon in each act of murder.  He alleged that sentence structure in his state post-conviction habeas corpus petition, which he attached to his federal petition.  ECF No. 5 at 44; see also Ross, 950 F.3d at 1167-73.  Ground 14 relates back to Budd's initial state habeas corpus petition.

### B. Exhaustion

#### 1. Grounds 5 through 12 are not exhausted

Respondents argue that the Nevada Supreme Court never ruled on the merits of these claims.  Budd raised the claims in his initial, proper person state post-conviction habeas corpus

6

petition. Ex. 32, 33 (ECF No. 28-2, 28-3). The state district court denied that petition without appointing counsel. Ex. 34 (ECF No. 28-4). On the first appeal, the Nevada Supreme Court reversed and remanded for appointment of counsel, who would develop the claims. Ex. 37 (ECF No. 28-7). The state district court held an evidentiary hearing on his claims and denied them on the merits. Ex. 44, 45 (ECF No. 29-4, 29-5). Budd appealed the denial of the petition. However, on this second appeal he did not raise as issues the denials of what now are grounds 5 through 12. See Ex. 47 (ECF No. 29-7). That much is not disputed.

Budd argues that he has exhausted grounds 5 through 12 because he raised the same issues in the appeal from the first denial of the state petition. The court disagrees. The Nevada Supreme Court's remand for appointment of counsel was not the end of the state-court proceedings. Rather, it was an intermediate event in the state-court proceedings, one in which the Nevada Supreme Court informed the district court that the proceedings needed to continue with counsel assisting Budd. The full presentation of claims to the state courts ended only with the final decision of the Nevada Supreme Court. To hold that the first appeal exhausted grounds 5 through 12 would elevate the form of "fair presentation" over the substance of requiring Budd to give the state courts the first opportunity to correct any errors under 28 U.S.C. § 2254(b). The first appeal and the remand were part of that opportunity, but they were not the end of that opportunity. Consequently, Budd has not exhausted grounds 5 through 12 simply because he raised them in his appeal from the first denial of his state petition.

Budd argues alternatively anticipatory procedural default. Although he does not lay out the steps of the argument entirely, the court understands them. First, if he returned to state court to exhaust the grounds, then the state courts would find them procedurally barred as untimely and successive under Nev. Rev. Stat. §§ 34.726 and 34.810. Second, a state court can excuse those procedural bars upon a showing of cause and prejudice. The state standards for cause and prejudice are functionally identical to the federal standards for cause and prejudice, with one exception. Robinson v. Ignacio, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004). That exception is for a procedurally defaulted claim of ineffective assistance of trial counsel, when the cause for the default is the ineffective assistance or absence of post-conviction counsel in the initial post-conviction

proceedings. Martinez v. Ryan, 566 U.S. 1 (2012). Nevada has not adopted Martinez for its state-law procedural bars. Brown v. McDaniel, 331 P.3d 867 (Nev. 2014). Third, because Nevada has not adopted Martinez, and because Budd implies that he has no other arguments for cause and prejudice, returning to state court to exhaust grounds 5 through 12 would be futile. Fourth, this court should consider grounds 5 through 12 to be exhausted and procedurally defaulted, then excuse the procedural default by Martinez.

Budd's argument has defects. The primary defect is that grounds 5 through 12 would be procedurally defaulted because Budd did not raise those claims on appeal after the state district court denied the claims on their merits. Martinez applies only to the initial post-conviction proceedings in the state district court. Martinez specifically does not apply when the procedural default occurs because a petitioner does not appeal the denial of a claim. 566 U.S. at 16. A secondary defect with Budd's argument is that Martinez applies only to procedurally defaulted claims of ineffective assistance of trial counsel. Ground 12 is a claim of ineffective assistance of appellate counsel. Martinez does not apply to procedurally defaulted claims of ineffective assistance of appellate counsel. Davila v. Davis, 137 S. Ct. 2058 (2017). Martinez thus would not give Budd any relief from the failure to exhaust grounds 5 through 12.

### 2. Ground 13 is not exhausted

Ground 13 is a claim that the cumulative effect of errors by trial counsel and appellate counsel warrant relief. Respondents included ground 13 in the argument that the court has accepted for grounds 5 through 12, that Budd did not raise the claim in the appeal from the final denial of his state post-conviction petition. Budd raised a cumulative-error claim in his initial state post-conviction petition; he referred to all his other claims of ineffective assistance of trial counsel and appellate counsel. Ex. 32 at 31-32 (ECF No. 28-2 at 32-33). Budd also raised a cumulative-error claim in his counseled first supplemental state post-conviction petition. Ex. 39 at 67 (ECF No. 28-9 at 68). The state district court denied the cumulative-error claim or claims. Ex. 45 at 8 (ECF No. 29-5 at 9). Budd appealed the denial of the cumulative-error claim. Ex. 47 at 62-65 (ECF No. 29-7 at 67-70). However, on appeal he limited his cumulative-error argument to the four issues of ineffective assistance of counsel that he also raised in that appeal. Id. at 64-65 (ECF No. 29-7 at

69-70). Those four issues correspond to grounds 2(A) through 2(D) of the second amended petition. Budd did not include the other claims of ineffective assistance of counsel that he raises as grounds 5 through 12 of the second amended petition. However, ground 13 of the second amended petition explicitly refers to all the preceding grounds, including the unexhausted grounds 5 through 12. ECF No. 50-1 at 35. Ground 13 thus differs from the claim that Budd raised in his post-conviction appeal. It is not exhausted.

The court's rejection of the anticipatory-default argument applies to ground 13, too.

### 3. Ground 14 is not exhausted

Ground 14 is a claim that the consecutive sentences of life imprisonment without the possibility of parole for the use of a deadly weapon in each act of murder violate the Eighth Amendment. Budd admits that ground 14 is not exhausted. ECF No. 50-1 at 35.

### 4. Ground 15 is not exhausted

Ground 15 is a claim that counsel conceded Budd's guilt in the opening statement and the closing argument, in violation of Budd's autonomy to determine his defense guaranteed by the Sixth Amendment. See McCoy v. Louisiana, 138 S. Ct. 1500 (2018). Budd raised a similar claim on appeal from the denial of his state post-conviction habeas corpus petition. Ex. 47 at 55-62 (ECF No. 29-7 at 60-67). However, his legal theory was that counsel provided ineffective assistance. McCoy explicitly does not use that legal theory:

> Because a client's autonomy, not counsel's competence, is in issue, we do not apply our ineffective-assistance-of-counsel jurisprudence . . . to McCoy's claim. . . . To gain redress for attorney error, a defendant ordinarily must show prejudice. . . . Here, however, the violation of McCoy's protected autonomy right was complete when the court allowed counsel to usurp control of an issue within McCoy's sole prerogative.

138 S. Ct. at 1510-11 (citations omitted). Budd did not present this legal theory to the state courts, and thus ground 15 is not exhausted. Harless, 459 U.S. at 6.

### 5. The court will stay the action

Budd also asks for the court to stay the action. ECF No. 63 at 15-16. Respondents do not oppose the request, noting that it would be appropriate to the state courts to have the first opportunity to review grounds 14 and 15. ECF No. 64. The court agrees that Budd has satisfied

9

the requirements of Rhines v. Weber, 544 U.S. 269 (2005). However, now that the court will stay the action, nothing will stop Budd also from exhausting grounds 5 through 12.

**V.     Conclusion**

IT THEREFORE IS ORDERED that respondents' motion to dismiss (ECF No. 54) is **DENIED** in part regarding the timeliness of grounds 2(A), 2(B), 2(C), 2(D), and 14, and is **GRANTED** in part regarding the failure to exhaust grounds 5 through 15 of the second amended petition.

IT FURTHER IS ORDERED that this action is **STAYED** pending exhaustion of the unexhausted grounds. Petitioner shall return to this court with a motion to reopen within 45 days of issuance of the remittitur by the Nevada Supreme Court at the conclusion of the state court proceedings. Further, petitioner or respondents otherwise may move to reopen the action and seek any relief appropriate under the circumstances.

IT FURTHER IS ORDERED that the clerk of court shall administratively close this action until such time as the court grants a motion to reopen the action.

DATED: January 14, 2021.

_____
RICHARD F. BOULWARE, II
United States District Judge